Kenneth J. HILL, et al.,
Plaintiffs-Appellants,

v.

UNITED STATES of America, et al.,
Defendants-Appellees.

No. 83–3655.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 2, 1984.

Decided Nov. 21, 1984.

As Amended on Denial of Rehearing and
Rehearing En Banc Jan. 22, 1985.

Victor J. Gulyassy, Gabrielle Gulyassy Kinkela, Robert V. Kinkela (argued), Gulyassy, Feudo, Kinkela & Kinkela, Parma Heights, Ohio,. Shale S. Sonkin, Sonkin & Melena, Co., Cleveland, Ohio, for plaintiffs-appellants.

Frances L. Nunn, Civil Div., Dept. of Justice, Commercial Litigation Branch, Robert A. Reutershan, George M. Beasley, III (LEAD) (argued), Washington, D.C., for defendants-appellees.

James D. Burroughs, United States Postal Service, Washington, D.C., for U.S. Postal Service.

Before ENGEL and KENNEDY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This case involves the claim of one city letter carrier, Ernest Cummings, who alleges entitlement to wages and compensation withheld by the Postal Service allegedly in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201–219. This action was brought originally by eight letter carriers, and approximately 12,000 postal employees filed consents to become parties

plaintiff pursuant to 29 U.S.C. § 216(b). On cross-motions for summary judgment in the district court, the court agreed to consider the claims of appellant Cummings as typical of those of the other plaintiffs. The court entered summary judgment against Cummings and he appeals.

## I

Cummings argues that the Postal Service has violated the Act by failing to compensate letter carriers for the one-half hour designated as the lunch period. This period is automatically deducted from the eight and one-half hour work day clocked in by letter carriers. Cummings argues that the Postal Service does not comply with the requirement in 29 U.S.C. § 207 that employers must pay employees who work in excess of forty hours per week at a rate one and one-half times the normal hourly rate.[1]

Cummings is employed as a city letter carrier at the North Olmsted Post Office near Cleveland, Ohio. He clocks in each morning wearing a full uniform. He begins his day with "office time," when he prepares mail for delivery and signs out accountable items including a Postal Service key, and accountable mail such as COD, postage due, registered, certified, and insured mail. He then begins delivering mail, accepting mail for delivery, and collecting receipts and money for certain mail.

Cummings receives a half hour lunch break between 12:45 and 1:15 p.m. He has a choice of three lunch places chosen by him and approved by his supervisors. He proceeds from his delivery route to an authorized lunch place by an authorized line of travel. The Postal Service automatically deducts this half hour from Cummings' pay. Cummings is paid for eight hours of work.

City letter carriers generally cannot carry their entire day's mail in their shoulder satchels. Therefore, their routes are broken down into segments known as relays. Relay boxes are containers placed along delivery routes in which mail is stored until the carrier reaches the relay box. The carrier will have delivered the mail in his or her satchel before reaching the relay box and will be ready to fill it again from the contents of the relay box, to deliver the next segment of his or her route. The lunch period begins when the letter carrier secures his or her shoulder satchel in a relay box and begins walking to lunch, or, in Cummings' case, when he secures undelivered mail in his vehicle and drives his vehicle from his route to an authorized lunch place by an authorized line of travel.

During lunch, letter carriers remain responsible and accountable for the security of accountable items and mail as well as for the undelivered mail. Accountable mail includes customs duty mail, postage due mail, and special services mail. Cummings carries with him to lunch, and is responsible for, the following items:

(1) a list of the accountable mail that has not been delivered prior to lunch;

(2) receipts for the accountable mail which has been delivered prior to lunch;

(3) monies appellant may have collected from deliveries of COD mail prior to lunch;

(4) a Postal Service key secured to his uniform by a chain thirty inches long; and

(5) keys to the vehicle he drives to and from lunch.

Cummings argues that he is in uniform during his lunch, is highly visible, and "serves the public as requested, including

---

1. 29 U.S.C. § 207(a)(1) provides:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed.

providing information and accepting mail." Postal regulations require letter carriers to be "courteous and obliging in the performance of duties," to furnish customers with postal information and postal forms, and to accept letters and prepaid first-class mail from customers. Despite the Postal Service's emphasis on courtesy, however, there is no postal regulation requiring city letter carriers to accept mail from the public during their meal periods or otherwise conduct postal business in response to inquiries from members of the public during their meal periods.

Grady S. Dorsey, Superintendent of Postal Operations at the North Olmstead Post Office, and supervisor of appellant Cummings, had numerous discussions with city letter carriers, including Cummings, regarding their activities. He stated, in a declaration before the district court, that he could not recall any discussions regarding customers interrupting the carriers' lunches. Similarly, Gary A. Weiss, Manager of Delivery and Collections and a route inspector at the same post office who had conducted over five hundred route inspections, declared that he did not recall ever seeing a postal patron interrupt a carrier while at lunch requesting him to accept or deliver mail, or to provide any other postal service or information. Weiss stated that he had accepted mail at lunchtime, once per week or so, while he was a letter carrier, but was not required to do so. Weiss stated that although he had had thousands of discussions with letter carriers, he did not recall that any carriers mentioned being interrupted by customers at lunchtime. Appellant submitted the deposition of letter carrier Roach, who testified to frequent interruptions at lunchtime from customers seeking information or service.

Appellant emphasizes that he is not relieved of accountability for all mail, money and equipment entrusted to his care until the end of the workday. Letter carriers are subject to discipline for failure to exercise reasonable care for the items in their care and for the mail secured in postal vehicles and relay boxes. Appellant is not required to eat in the vehicle or to keep the vehicle in sight during the lunch period.

## II

The district court held that the restrictions on appellant's time during his lunch period did not interfere with the free disposition of his lunch period. It held that he had no substantial duties at this time that would inhibit his ability adequately and comfortably to pursue interests of a private nature. Therefore, the court held that the Postal Service was not obligated to compensate Cummings for his meal period. We affirm.

■ The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219 (FLSA), was made applicable to the Postal Service by amendment effective May 1, 1974. As stated above, § 207(a)(1) forbids employers from employing employees for more than forty hours per week without compensating employees at a higher rate. The Act defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g). The Act does not define "work" and leaves the definition to the courts. Work includes "physical or mental exertion" for the employer's benefit, see *Tennessee Coal, Iron & Railroad Co. v. Muscoda Local 123*, 321 U.S. 590, 598, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944), as well as stand-by or waiting time, *Armour & Co. v. Wantock*, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944).

In *Armour & Co.*, the Supreme Court held that private fire fighters employed by a soap factory were entitled to compensation for time spent on call. The Court cautioned against reading the words of previous opinions out of the context of the facts of the case under discussion. 323 U.S. at 132–33, 65 S.Ct. at 168. It therefore held that compensability under the FLSA was not limited by the language in *Tennessee Coal, Iron & Railroad Co.* referring to "physical or mental exertion." The Court then held, "Whether time is spent predominantly for the employer's benefit or for the employee's is a question

dependent upon all the circumstances of the case." 323 U.S. at 133, 65 S.Ct. at 168.

In *Skidmore*, the Court reiterated its holding that inactive duty may be compensable and emphasized that each case "must stand on its own facts," 323 U.S. at 140, 65 S.Ct. at 164. The Court also held that administrative interpretations of the compensability of particular worktime, while not conclusive or binding on the courts, are entitled to respect. *Id.* at 139–40, 65 S.Ct. at 164. "The weight of such a judgment in a particular case," the Court held, "will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its conspiracy with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Id.* at 140, 65 S.Ct. at 164.

The Sixth Circuit addressed the compensability of meal periods under the FLSA in *F.W. Stock & Sons v. Thompson*, 194 F.2d 493 (6th Cir.1952). The court held that the meal period in that case was compensable because mill workers were required by the nature of their work and their employer to pay "constant attention" to their machinery and because "[t]heir lunch periods were often interrupted by emergencies requiring immediate attention." *Id.* at 496. The Court held:

> So it seems to have been proven adequately that the employees did not have a free lunch period during which they could serve their own interest and do as they pleased, but that their duties and responsibilities to their employer were continued during the lunch periods. As

the District Judge well said during a colloquy with counsel: "A man who has to oil machinery with a sandwich in his hand is not having a free lunch period." He made the further appropriate comment that a man who has to have his eyes glued upon the watching of grain coming down from floors above and be careful that there is no stoppage during the entire eight hours of his shift, including his lunch period, does not have a free lunch period.

*Id.* The Court proceeded to adopt the district court's standard for determining compensability:

> "Time spent predominantly for the employer's benefit during a period, although designated as a lunch period or under any other designation, nevertheless constitutes working time compensable under the provisions of the Fair Labor Standards Act."

*Id.* at 496–97 (citation omitted). The court relied on the Supreme Court's language in *Armour & Co., supra,* 323 U.S. at 133, 65 S.Ct. at 168.

Department of Labor regulations, adopted by the Administrator of the Wage and Hour Division, are intended to serve as a guide to employers and employees. 29 C.F.R. § 785.2 (1983). The district court recognized that these guidelines are not binding but may be considered by the courts. Section 785.19, which defines a bona fide meal period, provides that the meal period is not compensable where the employee is "completely relieved from duty for the purposes of eating regular meals."[2]

---

**2.** C.F.R. § 785.19 provides:

§ **785.19 Meal.**

(a) *Bona fide meal periods.* Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or

a factory worker who is required to be at his machine is working while eating. (*Culkin v. Glenn L. Martin, Nebraska Co.,* 97 F.Supp. 661 (D.Neb.1951), aff'd 197 F.2d 981 (C.A. 8, 1952), cert. denied 344 U.S. 888, 73 S.Ct. 183, 97 L.Ed. 687 (1952); *Thompson v. Stock & Sons, Inc.,* 93 F.Supp. 213 (E.D.Mich.1950), aff'd 194 F.2d 493 (C.A. 6, 1952); *Biggs v. Joshua Hendy Corp.,* 183 F.2d 515 (C.A. 9, 1950), 187 F.2d 447 (C.A. 9, 1951); *Walling v. Dunbar Transfer & Storage Co.,* 3 W.H. Cases 284; 7 Labor Cases para. 61.565 (W.D.Tenn. 1943); *Lofton v. Seneca Coal and Coke Co.,* 2 W.H. Cases 669; 6 Labor Cases para. 61,271 (N.D.Okla.1942); aff'd 136 F.2d 359 (C.A. 10,

## III

Appellant relies heavily on the language of 29 C.F.R. § 785.19. He argues that the district court improperly considered the degree of the burden or extent of obligation during the meal period. Analogizing his case to those where an employee is on call, he seeks a standard where time is compensable even though the employee has no substantial duties during his or her meal period. Appellee, however, contends that the "degree of freedom" accorded an employee and whether time spent is "predominantly for the employer's benefit" are legitimate considerations for · determining compensability.

■ We approve the district court's conclusion that appellant's meal period is not compensable because he was not required to perform any activities that could be characterized as substantial duties. Our holding is based on the need for a flexible and realistic standard for compensability and on the particular circumstances of this case.

Appellant challenges the district court's reliance on an opinion letter from the Deputy Administrator of the Wage and Hour Division of the Department of Labor in response to a letter from counsel for the National Association of Letter Carriers. The letter addressed the question of compensability of the letter carriers' meal period in light of 29 C.F.R. § 785.19:

> While the courts and the Department (in its Interpretative Bulletin, 29 C.F.R. 785.-19) have on occasion broadly stated that compensation is required for meal periods unless the employees are relieved of all duty, it is obvious from the cases under consideration [those cited in section 785.19(a) ] that the duties in contemplation were those which restricted the

1943); cert. denied 320 U.S. 772, 64 S.Ct. 77, 88 L.Ed. 462 (1943); *Mitchell v. Tampa Cigar Co.,* 36 Labor Cases para. 65, 198, 14 W.H. Cases 38 (S.D.Fla.1959); *Douglass v. Hurwitz Co.,* 145 F.Supp. 29, 13 W.H. Cases (E.D.Pa. 1956))

employees in the free disposition of their lunch time.

\*     \*     \*     \*     \*     \*

> The broad reading of the phrase "relieved of all duty" adopted in your letter would extend the requirement of compensation to 24 hours of the day in the case of outside workers who are required to take their employer's tools or materials home with them or who drive home in the company's vehicles, so as to have them available for going directly to the work site the following morning.

Appellant argues that the opinion is not entitled to great weight because it was not based on thorough consideration or careful analysis. *See Skidmore v. Swift & Co., supra,* 323 U.S. at 140, 65 S.Ct. at 164. It is clear, however, that the opinion letter is entitled to some credence and also that the district court did not rely on the opinion at the expense of its own analysis. Similarly, appellant's challenge to the court's reliance on Court of Claims cases decided under the Federal Employees Pay Act, 5 U.S.C. § 5544 is without merit.

Appellant's obligation to exercise due care in securing the mail in his vehicle is a duty originating before his meal period. The fact that this duty is not discharged during the meal period does not mean that this time is not his own. Nor does the limited selection of authorized lunch places render the period compensable. As long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA.

Appellant's responsibility for accountable items and receipts, which he must carry during meals, does not require him to engage in any substantial activities or inter-

(b) *Where no permission to leave premises.* It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period.

fere with his lunch period to such an extent that the FLSA would require compensation. He is not required to exercise constant vigilence; he can eat comfortably without having to check his pockets regularly or be otherwise distracted from his meal. Moreover, Gary A. Weiss, Manager of Delivery and Collections in appellant's district, stated in his affidavit that Cummings delivered only 154 pieces of accountable mail in the 1981 fiscal year. This means he carried receipts three or four times per week. Cummings carried COD money even less frequently.

Finally, we conclude that appellant did not show that he is subject to frequent or even occasional interruptions by postal patrons during his meal period. Interruptions of appellant's lunch by customers seeking information are infrequent and appellant is not required to accept mail or sell stamps at this time. Any interference with appellant's meal period for this reason would be purely *de minimis*.

In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), the Supreme Court recognized a *de minimis* rule in FLSA cases:

> We do not, of course, preclude the application of a *de minimis* rule where the minimum walking time is such as to be negligible. The workweek contemplated by § 7(a) must be computed in light of the realities of the industrial world. When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved. The *de minimis* rule can doubtless be applied to much of the walking time involved in this case, but the precise scope of that application can be determined only after the trier of facts makes more definite find-

ings as to the amount of walking time in issue.

*Id.* at 692, 66 S.Ct. at 1195. Recently, the Ninth Circuit applied the *de minimis* rule in *Lindow v. United States*, 738 F.2d 1057 (9th Cir.1984). There the court held that employees of the United States Army Corps of Engineers were not entitled to compensation for short periods of time before their shifts began when they read and discussed the log book with the preceding shift. The court stressed that the employees were not required to come in early for this purpose and emphasized the difficulties in accounting for small and varying periods of time. Therefore, the court held the seven or eight minute periods at issue were not compensable under the FLSA. *Id.* at 1062 (citations omitted).

The district court concluded correctly that appellant is not entitled to compensation for his meal period. We emphasize that this opinion is addressed to the particular facts of the present case. There may be cases where letter carriers are obliged to conduct more substantial activities during lunch time and would be entitled to compensation. In the present case, however, we agree with the district court that appellants are not entitled to relief.

The decision of the district court is AFFIRMED.