849 F.2d 1473
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie REED, Earl Evans, Thomas Johnson and All Others
Similarly Situated, Plaintiffs-Appellants,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee.
 No. 87-3467.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this action brought by 33 employees of General Electric the district court entered judgment for the defendant following a bench trial. The plaintiffs claimed that GE violated the hourly overtime provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 207 et seq. by permitting them to perform work during their lunch hours. The plaintiffs are heat treat operators engaged in the production of jet aircraft engines. The heat treat operators work in three shifts, each containing an unpaid one-half hour lunch period. In addition to the operators assigned to particular machines there are "floaters" on each shift who are available to assist the other operators.
 
 
 2
 Lunches are staggered, and an operator "monitors" the machine at an adjoining station while the operator at that station takes his lunch break. The operator who has acted as monitor then takes his break while a neighboring operator monitors his machine. The evidence was undisputed that under written policies an operator who believes he must stay at his work station during the lunch period may notify a supervisor and, if the supervisor agrees, the operator is paid for that lunch period. The evidence showed that GE paid for more than 1,000 lunch periods per year for heat treat operators in accordance with this policy.
 
 
 3
 On appeal the plaintiffs argue that the district court's finding that they were not permitted to do work for the benefit of their employer during unpaid lunch periods is clearly erroneous. The plaintiffs also contend that the district court improperly based its decision on a district court case where the defendant prevailed on the basis of a finding that employees who had the opportunity to leave work stations but voluntarily stayed at the stations and occasionally performed work were not entitled to compensation. Our view of the district court's opinion in this case and the record does not accord with the plaintiffs' arguments. The test as enunciated by the Supreme Court in Armour & Co. v. Wantock, 323 U.S. 126, 133 (1944), and by this court in F.W. Stock & Sons v. Thompson, 194 F.2d 493, 496-97 (6th Cir.1952), and Hill v. United States, 751 F.2d 810, 814 (6th Cir.1984), cert. denied, 474 U.S. 817 (1985), is whether uncompensated time is spent predominantly for the employer's benefit. We believe the district court correctly applied that test in the present case and found that those heat treat operators who stayed at their work stations during unpaid lunch periods, and did not claim compensation at the time on the basis that their presence was required, did so voluntarily and for their own reasons, not predominantly for the benefit of the employer.
 
 
 4
 The judgment of the district court is affirmed on the basis of the findings of fact and conclusions of law set forth in the opinion of Judge Arthur Spiegel filed April 17, 1987.