Daniel F. LEAHY, et al., Plaintiffs,

v.

CITY OF CHICAGO, a Municipal Corporation, Defendant.

No. 89 C 9354.

United States District Court, N.D. Illinois, E.D.

Jan. 29, 1992.

---

Susan Patricia Malone, Chicago, Ill., for plaintiffs Daniel F. Leahy, et al.

Kelly Raymond Walsh, Mary Leone Smith, Kathryn Zeledon Nelson, Jennifer Anne Naber, City of Chicago, Law Dept., Corp. Counsel, Chicago, Ill., for defendant City of Chicago.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

In this matter Chicago police officers ("Officers") seek overtime pay for their meal breaks pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201—219.[1] The City of Chicago ("City") has moved pursuant to Fed.R.Civ.P. ("Rule") 12(c) for judgment on the pleadings contending that as a matter of law the Officers are not entitled to overtime pay. For the reasons set forth below, we grant the City's motion and dismiss this matter with prejudice.

## BACKGROUND

The Officers are past and present members of the Chicago Police Department assigned to the patrol and traffic divisions. The Officers are assigned to eight and one-half hour shifts. One-half hour of each shift is allotted to an unpaid meal break. The Officers filed suit charging that the City's failure to compensate them for their meal breaks violates the FLSA.[2] The Officers claim their meal breaks should be compensable under the FLSA because they are not completely relieved of their duties during their meal breaks. Specifically, the Officers claim they are restricted during their meal breaks in the following ways:

a. Officers are required to remain within the district and/or sector of assignment unless prior permission to leave such area is granted by a supervisor.

b. Officers are required to carry their service weapons and remain in full uniform, if on uniform duty, and are required to adhere to all regulations concerning conduct while in uniform, such regulations include requirements that police officer employees assigned to uniform duty wear their uniform hat at all times while outdoors.

c. Officers must report their meal location to the dispatcher and are required during their meal period, upon request, to terminate such meal period to respond to calls for police assistance, to answer questions, and to follow instructions from the dispatcher or superior officers.

d. Officers assigned to a two person unit are to take their meal period with both officers taking such period at the same time and location.

e. Meal periods may not be taken during the last hour of a shift assignment.

f. Police officer employees are required to refrain from conduct deemed by the department to be unbecoming of a police officer while on duty. Such conduct has, on occasion, been defined to include playing golf, reading nondepartment publications, resting or napping, or other conduct deemed by the Department to be inappropriate or tending to reflect poorly upon the uniform.

g. Officers must refrain from the consumption of alcoholic beverages.

h. Officers must respond to requests for assistance or information from members of the public.

i. Officers must refrain from congregating, which is defined that no more than two officers may be present in the

---

1. Hereafter we will refer to various provisions of the Fair Labor Standards Act as "Section ___."

2. In its motion, the City argues the complaint is defective because it does not allege that the meal break is work time within the meaning of the FLSA. City's Memorandum of Law at pages 5–6. In their response, the Officers seek to amend their complaint to cure this pleading defect. We grant the Officers' motion to amend the complaint, and we will construe the City's motion as being brought to challenge the amended complaint.

same establishment without prior permission.

j. Officers who have assigned portable radio units must maintain the radio units with them and remain in radio contact and respond to calls or requests for information on such radios.

k. Officers are subject to report and review by inspectors and other supervisory personnel.

l. Officers must respond to citizen or police emergencies.

m. Officers not assigned to portable radio units must spend their meal period at a location where they can be reached by telephone, must provide the dispatcher with the telephone number and must respond to calls or requests for information on such telephones.

n. Officers must receive permission from the dispatcher to take a meal period and such permission may be and frequently is denied depending upon the workload of the district and the availability of other police officers to respond to calls.

Officers' Amended Complaint at pages 3–5.

The City argues that the meal break restrictions are not sufficient as a matter of law to establish that the meal periods are compensable work time under the FLSA.

## DISCUSSION

■ A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357 (7th Cir. 1987). The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the non-moving party. *Id.* The court, however, is not bound by the non-moving party's legal characterizations of the facts. *Id.* In considering this motion, therefore, we assume the facts as alleged by the Officers to be true.

The FLSA requires employers to pay overtime to employees who work more than forty hours per week. Section 207(a). However, Section 207(k) creates an exception to the standard wage and hour provisions of the FLSA. (Hereafter we will refer to Section 207(k) as § 7(k).) Under that section, public law enforcement and fire departments can declare work periods from seven to twenty-eight consecutive days. Employees working within a twenty-eight day work period are entitled to overtime if they work in excess of 171 hours within that period.

■ The City has elected to pay the Officers on the basis of a twenty-eight day work period, and the parties agree that if the Officers work more than 171 hours within that period, they are entitled to overtime pay. The sole issue before us is whether the Officers' meal period is work time which should be included within the 171 hour calculation.

■ The FLSA does not define what is considered work under the Act; Congress left that decision to the courts. *Hill v. United States*, 751 F.2d 810, 812 (6th Cir. 1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 63, 88 L.Ed.2d 51 (1985). And neither the Seventh Circuit nor any district court in the Northern District has construed the meaning of meal time in the context of an FLSA lawsuit by employees seeking overtime pay for meal breaks against a § 7(k) employer. We will examine two interpretive guides, the federal regulations and analogous cases from other jurisdictions, to assist our inquiry.

Two regulations speak to our issue.[3] The first regulation 29 C.F.R. § 553.223(b), provides that mealtime can be excluded from hours worked under the following circumstances:

> If a public agency elects to use the section 7(k) exemption, the public agency may, in the case of law enforcement per-

---

**3.** While regulations are not binding on the court, they nonetheless offer a useful and fair standard by which courts can determine wheth-

er a meal period should be considered work time under the FLSA. *Wahl v. Wichita*, 725 F.Supp. 1133, 1138–39 (D.Kan.1989).

sonnel, exclude meal time from hours worked on tours of duty of 24 hours or less, *provided that the employee is completely relieved from duty during the meal period, and all the other tests in § 785.19 of this title are met.* On the other hand, where law enforcement personnel are required to remain on call in barracks or similar quarters, or are engaged in extended surveillance activities (e.g., "stakeouts"), they are not considered to be completely relieved from duty, and any such meal periods would be compensable. (emphasis added)

29 C.F.R. § 533.223(b) (hereafter cited as § 533.223(b)). The text of section 785.-19(a), which is not limited to § 7(k) cases, states as follows:

(a) Bona fide meal periods. Bona fide meal periods are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. *The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.* For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating. (emphasis added)

29 C.F.R. § 785.19(a) (hereafter cited as § 785.19(a)). Of note is that both regulations contain the same "completely relieved of duty standard" to determine when meal breaks are considered bona fide meal periods and thus are not compensable. However, the regulations use radically different examples to describe when an employee is not completely relieved of duty. Section 785.19(a), arising from the more general section of the regulations applicable to all FLSA actions and entitled Part 785 Hours Worked, uses as an example of an employee not completely relieved from duty an office employee who is required to eat at his desk or a factory worker who is required to be at his machine while eating.

§ 785.19(a). In contrast, § 553.223(b), arising from the specific section of the regulations applicable to § 7(k) employers and entitled Part 553—Application of the Fair Labor Standards Act to Employees of State and Local Governments, uses as an example of an employee not completely relieved from duty a law enforcement officer who is required to remain on call in barracks or similar quarters, or is engaged in extended surveillance activities. Neither of these examples is analogous to our situation; however, both regulations, and their respective examples, are cited by analogous cases from other jurisdictions.

Cases from other jurisdictions have attempted to define when an employee is completely relieved from duty so that the meal break is not considered work time. These cases reach a variety of conclusions based upon the specific type of employment and the nature and number of restrictions on the meal break. We have reviewed all of the cases cited by the parties, and those cases for the most part can be grouped into four broad categories.

The first category includes postal workers. *See, e.g., Hill v. United States,* 751 F.2d 810 (6th Cir.1984), *cert. denied,* 474 U.S. 817, 106 S.Ct. 63, 88 L.Ed.2d 51 (1985). The second category includes firefighters and emergency medical personnel. *Kohlheim v. Glynn County,* 915 F.2d 1473 (11th Cir.1990). The third category includes law enforcement officers whose jurisdiction is limited to a specific building or buildings and who function more in the nature of security guards. *See, e.g., Agner v. United States,* 8 Cl.Ct. 635, 638 (1985), *affirmed without opinion,* 795 F.2d 1017 (Fed.Cir.1986). The final category includes typical law enforcement officers with broad jurisdiction within a campus, municipality, county, or state. *See, e.g., Lee v. Coahoma County,* 937 F.2d 220 (5th Cir.1991).

As we conduct our analysis, we find that only those cases in the final category are authoritative. Postal workers' meal breaks may be interrupted; however, they are rarely interrupted to respond to emergencies. While required to respond to emergencies, firefighters and emergency medi-

cal personnel typically do so out of a centralized station to which they must return. They generally do not patrol the streets and therefore are not analogous to our situation involving patrol officers. Likewise, law enforcement personnel with jurisdiction limited to a building or buildings do not patrol streets and therefore are also not similarly situated to the Officers here. We therefore only look to the final category of cases as analogous to our situation.

The most persuasive authority for the City's position is a case handed down by the Fifth Circuit after the parties briefed this motion. *Lee v. Coahoma County*, 937 F.2d 220 (5th Cir.1991).[4] In *Lee*, sheriff's deputies brought suit against Coahoma County for overtime wages for meal breaks. Like our plaintiffs, the deputies were law enforcement officers who patrolled within the county's jurisdiction. While on patrol, the deputies would take meal periods on a "catch as catch can" basis. *Lee*, 937 F.2d at 225. They were required to radio out when they took their meal breaks, and they could be called back to duty in the event of an emergency.

The Fifth Circuit upheld the district court's decision that the twenty-minute meal breaks were bona fide meal periods and were not compensable under § 7(k). *Lee*, 937 F.2d at 225. As an interpretive guide, the Fifth Circuit cited to § 553.223. In particular, the Fifth Circuit quoted § 553.223(b)'s example of compensable meal periods, (law enforcement personnel must remain on call in barracks or be engaged in surveillance activities) and compared the deputies' meal breaks to that example. The *Lee* court held that the deputies' meal breaks in no way resembled the example found in § 553.233. *Id.* The court found that it was not dispositive that

the deputies could be called if an emergency arose, and that contingency did not mean that they remained on duty. *Id.*

In its memoranda, the City cites a number of cases, all but one of which we find distinguishable. Three of the cases are distinguishable because they do not fit within the category of cases we find are analogous. *Hill v. United States*, 751 F.2d 810 (6th Cir.1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 63, 88 L.Ed.2d 51 (1985) (postal carriers); *Baylor v. United States*, 198 Ct.Cl. 331 (1972) (building security guards); *Agner v. United States*, 8 Cl.Ct. 635 (1985), *affirmed without opinion*, 795 F.2d 1017 (Fed.Cir.1986) (special police force for the Library of Congress). *Atteberry v. Ritchie*, 243 Kan. 277, 756 P.2d 424 (1988), can be distinguished because it involved a negotiated employment agreement which specifically addressed the issue of compensation during meal periods. *Atteberry*, 756 P.2d at 429. The *Atteberry* Court primarily relied on contractual, not statutory, principles in resolving the dispute.

Finally, the City cites to a Texas Appellate Court case which is directly on point. *University Park v. Univ. Park Police Ass'n*, 766 S.W.2d 531 (Tex.App.1989). In *University Park*, the police officers had identical restrictions on their meal periods as the restrictions at issue here.[5] Nonetheless, the Texas court held that the meal periods were not compensable because the meal breaks were not predominately spent for the benefit of the city and could be used for the employees' own use and purposes. *University Park*, 766 S.W.2d at 537. Because *University Park* arises from the Texas Appellate Court, we look primarily to *Lee* as the most influential case in support of the City. (See footnote four.)

---

**4.** If neither the Supreme Court, nor any court in our jurisdiction, has spoken to an issue, it is this court's preference to use as authority for interpreting federal statutes analogous cases first from other circuits and then from other district courts. If a federal case has spoken to the issue, we generally do not look to analogous state case law.

**5.** The police officers were not permitted to take a meal break during the first or last hour of

their tour of duty; they had to notify a dispatcher before taking a meal break; the dispatcher could refuse to authorize a meal break at that time if other officers were already taking meal breaks; the officers could only eat within the city limits or within one-half mile of the city limits; they had to remain in uniform and maintain weapons and portable radios; and the officers had to respond to calls.

Likewise, as we analyze the Officers' response, we primarily focus on the two analogous federal cases cited in their brief.[6]

The first case, *Wahl v. Wichita*, 725 F.Supp. 1133 (D.Kan.1989) involved Wichita police officers' successful efforts in obtaining overtime pay for their thirty-minute meal periods. *Wahl* is factually analogous to our situation in that restrictions on the Wichita officers' meal periods are similar to those at issue here.[7] The *Wahl* court cited to § 785.19(a), the more general regulation, for the rule that an employee must be completely relieved of duty for the meal time to be noncompensable. Given the restrictions placed upon the meal periods, the *Wahl* court held that the officers were not completely relieved of duty during their meal breaks and thus were entitled to be paid for that time. *Wahl*, 725 F.Supp. at 1144.

In the next case, *Lamon v. City of Shawnee*, 30 WH Cases 146, 1990 WL 186280 (D.Kan. October 30, 1990), the district court denied the defendant's motion for summary judgment because there existed genuine issues of material fact regarding whether the police department had adopted a § 7(k) payroll scheme. Furthermore, there existed a genuine issue of material fact as to whether the officers had been completely relieved of duty. Thus, the case is distinguishable.

The remaining cases cited by the Officers are state court opinions involving state and municipal wage statutes. *Madera Police Officers Assn. v. City of Madera*, 36 Cal.3d 403, 204 Cal.Rptr. 422, 682 P.2d 1087 (1984) (California Supreme Court specifically declined to reach the FLSA issue and instead decided the case under municipal regulations); *Prendergast v. Tempe*, 143 Ariz. 14, 691 P.2d 726 (Ariz.App.1984) (Arizona Appellate Court held meal periods were compensable under state statute and municipal ordinance); *Rogers v. City of Scottsdale*, 25 WH Cases 251 (Ariz.Superior Court 1980) (Arizona Superior Court held meal periods were compensable under state statute and municipal ordinance); *Los Angeles Fire & Police Protective League v. Los Angeles*, 23 Cal.App.3d 67, 99 Cal. Rptr. 908 (1972) (California Appellate Court held lunch periods not compensable under municipal regulations).[8]

In our final analysis, we are left with two cases which we find most authoritative, *Lee* and *Wahl*. We choose to follow *Lee* over *Wahl* for two reasons. First, *Lee* is the higher court and the most recent pronouncement on the issue. The Seventh Circuit instructs district courts to "give respectful consideration to the decisions of the other courts of appeals and follow them whenever we can." *Colby v. J.C. Penny Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987); *Richards v. Local 134, Intern. Broth. of Electrical Workers*, 790 F.2d 633, 636 (7th Cir.1986). We understand this instruction as suggesting that district courts defer to another circuit's analogous opinion instead of another district court's view. *Cf. Richards*, 790 F.2d at 636 (although decisions of other circuits are not necessarily controlling, district courts should give them substantial weight especially when they reject opinions from other

---

**6.** We again disregard those federal and state cases which do not involve law enforcement officers with jurisdiction over a campus, municipality, county, or state. *Kohlheim v. Glynn County*, 915 F.2d 1473 (11th Cir.1990) (firefighters); *Donovan v. Bel–Loc Diner, Inc.*, 780 F.2d 1113 (4th Cir.1985) (meal periods of waitresses at all-night diners); *Lindell v. General Electric Company*, 44 Wash.2d 386, 267 P.2d 709 (1954) (meal periods for security guards of nuclear power plants).

**7.** The Wichita police could be denied meal breaks due to work load, had geographic restrictions on the locations they could take their meals, had to remain in radio contact through-

out their meal break, could only have two vehicles in the same location at the same time, were subject to emergency calls and had to respond to citizens' questions. *Wahl*, 725 F.Supp. at 1136–37.

**8.** These cases concern state wage statutes similar to the FLSA, and some of these cases cite to federal cases interpreting the FLSA as a guide for interpreting equivalent state statutes. *Rogers*, 25 WH Cases at 252 and *Prendergast*, 691 P.2d at 731. However, for reasons stated in footnote four, we do not find these state cases as authoritative as federal cases interpreting the FLSA.

**730**

districts upon which the district court seeks to rely). While it is true that *Lee* has not specifically rejected *Wahl,* it is clear that these opinions reach opposite conclusions based upon analogous facts. We thus adhere to the Seventh Circuit's instruction and choose to follow *Lee.*

Second, *Lee,* as in our situation, involved a § 7(k) employer; *Wahl* did not. While we suspect that the *Wahl* court might not have changed its result had the Wichita Police Department adopted a § 7(k) payroll scheme, it would likely have been forced to at least change its analysis in one significant way.

In *Lee* and *Wahl,* both courts relied upon federal regulations to guide them in their interpretations of the FLSA. *Lee,* 937 F.2d at 225; *Wahl,* 725 F.Supp. at 1138–39. Because *Wahl* did not involve a § 7(k) employer, it cited to the more general regulation: § 785.19(a). *Lee,* however, cited to the more specific § 553.223(b) and used the example provided in that section as the basis for its decision. We likewise will look to the more specific regulation, § 553.223(b), and the Fifth Circuit's application of that regulation in *Lee.* We find that the restrictions on the Officers' meal breaks, as described in the amended complaint, in no way resemble the type of restrictions described in § 553.223(b) even when we view the restrictions in a light most favorable to the Officers. We therefore find the Officers' meal breaks, as described in the amended complaint, are not compensable work time under the FLSA.

CONCLUSION

For the reasons set forth above, we grant the Officers' motion to amend their complaint, and we grant the City's motion for judgment on the pleadings.