974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jan K. BANIA, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 91-2012.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Jan K. Bania appeals the order of the District Court granting summary judgment in favor of defendant, Ford Motor Company ("Ford"), in this labor dispute case. We AFFIRM.
 
 
 2
 In 1984, plaintiff was employed by Ford as a timekeeper. He was laid off from May 21, 1984 to August 10, 1984 and from September 14, 1984 to December 1984. Plaintiff attempted to obtain a position as a cleaner, but was precluded from doing so because of his medical restrictions which prohibited climbing. Plaintiff filed a series of grievances with the United Automobile Workers ("Union"), claiming that during his layoffs employees with lesser seniority performed timekeeper and cleaner jobs which he was capable of performing. In January, 1986, while the grievances were pending before an umpire, the Union settled plaintiff's grievances with Ford for $6,000. Plaintiff appealed the settlement to the International Union, whose Public Review Board upheld the settlement.
 
 
 3
 On January 4, 1991, plaintiff filed this action in Michigan state court. He claimed that Ford breached its duty to investigate the amount of back-pay due to him. Ford removed the action to federal court on grounds of federal question jurisdiction. Because plaintiff's complaint alleged a breach of obligations created by the collective bargaining agreement, plaintiff's claims were limited to those under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq.
 
 
 4
 On June 21, 1991, Ford filed a motion for summary judgment. In a bench opinion dated August 6, 1991, the District Court granted Ford's motion. The District Court stated that because plaintiff's claim arises from terms of the collective bargaining agreement, it must be treated as a section 301 claim. The District Court applied the six-month statute of limitations to a section 301 action, and held that plaintiff's claim was time-barred. The District Court also addressed plaintiff's contention that this case falls under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., but found that plaintiff was also time-barred by the two-year statute of limitations for FLSA actions.
 
 
 5
 Plaintiff's claim must be analyzed under LMRA section 301 because it alleges that Ford has failed to compensate him according to the collective bargaining agreement for the periods when he was laid off. All suits alleging violations of labor contracts must be brought under section 301 and resolved under federal law. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985). There is a six-month statute of limitations that applies to actions brought under the LMRA. McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1236 (6th Cir.1987) (citing DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983)). The Public Review Board resolved plaintiff's appeal on April 19, 1989. Plaintiff did not file his complaint until January 4, 1991, long after the six-month statute of limitations had expired. We therefore agree with the District Court that plaintiff's LMRA claim is time-barred.
 
 
 6
 Plaintiff argues that his claim is governed by the FLSA, not the LMRA. He argues that he was not fairly paid as required by FLSA section 207, which requires payment of overtime wages. He argues that Ford has violated section 211, which requires an employer to keep records of wages, hours and other conditions and practices of employment. The FLSA applies to workers who are engaged in employment, defined as physical or mental exertion for the employer's benefit. Hill v. United States, 751 F.2d 810, 812 (6th Cir.1984), cert. denied, 474 U.S. 817 (1985). Thus, the FLSA does not apply to plaintiff, who was not working during the periods in dispute. Further, plaintiff may not avoid the untimeliness of his claim under section 301 by alleging a claim under the FLSA. See Vadino v. A. Valey Engineers, 903 F.2d 253, 266 (3d Cir.1990).
 
 
 7
 Even if we were to find that plaintiff may bring his claim under the FLSA, any claim would be time-barred. The statute of limitations for FLSA claims is two years, or three years in the case of a willful violation. 29 U.S.C. § 255(a). Plaintiff's FLSA claim, if any, would have accrued in 1984 when Ford did not make the wage and overtime payments plaintiff claims were required by the FLSA. Plaintiff did not commence this action until 1991, so his FLSA claims are clearly time-barred.
 
 
 8
 We AFFIRM the District Court's order granting summary judgment.