2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert REICH, Secretary of Labor, United States Department
of Labor, Plaintiff-Appellee,
v.
LUCAS ENTERPRISES, INC., and James A. Lucas, Defendants-Appellants.
 No. 92-3624.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1993.
 
 Before: JONES and NELSON, Circuit Judges, and FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from an order granting summary judgment to the Secretary of Labor in an action for enforcement of the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Secs. 201 et seq.
 
 
 2
 The defendant employer, which paid its employees for a daily half-hour lunch period, was found to have agreed to treat the lunch periods as hours in which the employees "worked," notwithstanding that they did not in fact work during lunch time. Examining the matter de novo, we conclude that there was no such agreement; the understanding, as we have read the record, was that lunch periods would be counted as the employees' own personal time. We further conclude that although payment for lunch periods is not mandatory under the FLSA, an employer who voluntarily pays for lunch hours not counted as hours worked is not entitled to have the payments credited toward overtime compensation due under the FLSA.
 
 
 3
 The judgment of the district court will be affirmed in part and reversed in part, and the case will be remanded for recalculation of the employer's liability.
 
 
 4
 * The defendant employer, Lucas Enterprises, Inc., operates a full service gasoline station/auto repair business. It has been stipulated that the business operates in interstate commerce. Defendant James A. Lucas is the president and majority shareholder of Lucas Enterprises, and it will be convenient for us to refer to the defendants collectively as "Lucas."
 
 
 5
 Although Lucas appears to have paid competitive wages, it made the mistake of calculating the weekly pay of certain relatively well-paid employees under a method that differed from the FLSA method. The Lucas system entailed payment at the employee's regular hourly wage rate for the first 40 hours of the week, which hours included five lunch periods of at least one-half hour per day, plus up to thirty-seven and one-half hours of actual work. For each additional hour of work the employee was paid at his regular hourly rate plus a "bonus" of $2 per hour.
 
 
 6
 Employees were relieved of their duties during the lunch period, and they were free to use the time as they wished. They could and did leave the premises to run personal errands, for example. There was no express agreement to treat lunch hours as working hours, as far as the record discloses, and judging by how the employees actually spent this time, lunch hours were not in fact treated as working hours.
 
 
 7
 In October of 1989 the Secretary of Labor brought suit against Lucas in the United States District Court for the Northern District of Ohio. The Secretary's complaint alleged that Lucas had been violating the FLSA requirement that employers subject to the act pay covered employees at a minimum rate of one and one-half times their regular rate of pay with respect to work in excess of 40 hours per week. The relief sought by the Secretary included an injunction against future violations and against withholding any unpaid overtime compensation found due for the last three years.
 
 
 8
 Cross motions for summary judgment were filed after discovery had been conducted. The district court granted the Secretary's motion and found that Lucas had implicitly entered into an agreement to treat lunch period time as hours worked. The court went on to hold that those hours must be included in the total of the employee's work time and counted in determining overtime.
 
 
 9
 A hearing was then held to determine, under the court's ruling, how much unpaid overtime compensation Lucas owed its employees. In a judgment filed on May 20, 1992, the amount was determined to be $28,236.09, inclusive of prejudgment interest. An amended judgment ordering Lucas not to withhold payment of the $28,236.09 was filed on June 19, 1992, and Lucas filed a notice of appeal the same day.
 
 II
 
 10
 Under Sec. 7(a) of the FLSA, 29 U.S.C. Sec. 207(a), a person employed in an enterprise engaged in interstate commerce is not to be employed "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty] hours ... at a rate not less than one and one-half times the regular rate at which he is employed." The regulations promulgated by the Secretary under the Act make it clear that "time spent in eating meals between working hours" may or may not constitute "hours worked," for purposes of determining an employee's work week, "depending on whether or not it appears from all the pertinent facts that the parties have agreed to treat such time as hours worked." 29 C.F.R. Sec. 778.320. Absent such an agreement, bona fide meal periods are not worktime and need not be paid for as such. See 29 C.F.R. Sec. 785.19; Hill v. United States, 751 F.2d 810 (6th Cir.1984).[1]
 
 
 11
 In the case at bar, as the district court expressly found, "[t]he employees did not work during lunchtime." The court further found, however, as we have seen, that there was an "implicit" agreement that lunch periods constituted hours of work.
 
 
 12
 The latter finding appears to have been based on nothing more than the fact that without distinguishing between lunch period time and actual work time, Lucas paid a $2 per hour bonus with respect to any week in which an employee's lunch period time and actual work time totaled more than 40 hours. If it had been intended to exclude the lunch period time from "hours worked," the court reasoned, the bonus would not have begun until the employee had actually worked a full 40 hours per week on top of the two and one-half hours allowed for lunch.
 
 
 13
 This conclusion might have been appropriate under the version of 29 C.F.R. Sec. 778.320 that was in effect prior to January 23, 1981. As explained in a Federal Register notice published by the Secretary as a preamble to regulatory amendments that became effective on that date, "[o]ld Sec. 778.320 very strongly implied that payment for time spent in [activities such as eating meals between working hours] would almost invariably convert them into hours worked." 46 Fed.Reg. 7308 (January 23, 1981).
 
 
 14
 The new version of Sec. 778.320, however, was expressly designed "to avoid the implication that payment for time devoted to the specified activities converts them, virtually without exception, into hours worked." Id. (emphasis supplied). As the preamble went on to explain,
 
 
 15
 "The new language expressly states that whether or not payment converts the activities into hours worked depends on 'whether or not it appears from all the pertinent facts that the parties have agreed to treat such time as hours worked.' This change recognizes the fact that many employers pay for certain otherwise noncompensable activities, particularly lunch periods, in circumstances where neither the employer nor the employees intend that the time is to be hours worked." Id.
 
 
 16
 In the circumstances of the instant case, we believe, Lucas and its employees did not intend that lunch periods be "hours worked;" it is apparent from the record that nobody treated them as such. The employees were free to use this time as their own--and the mere fact that two and one-half hours a week in which they did not work were credited toward the base used in determining bonus pay is simply not enough to support the conclusion that the parties agreed to treat lunch period time as having been "worked" for FLSA purposes.
 
 III
 
 17
 It remains for us to consider how the lunch period pay, as opposed to lunch period hours, should be dealt with in computing the overtime pay to which the Lucas employees are entitled under the FLSA. Lucas contends that lunch pay should be credited toward overtime pay, and the Secretary vigorously disputes this contention.
 
 
 18
 To illustrate how Lucas wants to have its overtime pay obligation calculated, we turn to the payroll record of employee Joe Norman for the week ending June 23, 1989. As explained in the Secretary's brief, Mr. Norman's regular rate of pay was $12.50 per hour. During the week in question he was paid for fifty-seven hours. Deducting the five lunch periods for which he was paid, this means that he worked no more than fifty four and one-half hours. The compensation he received with respect to this week may be broken down as follows:
 
 
 19
 Pay for 37 1/2 hours of actual work @ $12.50/hour: $468.75
 
 
 20
 Pay for lunch periods totaling 2 1/2 hours @ $12.50/hour: 31.25
 
 
 21
 Pay for 17 hours of actual work @ $14.50/hour: 246.50
 
 
 
 Total pay: $746.50.
 Lucas concedes that there may have been some employees who were underpaid for some weeks, and Mr. Norman was obviously such an employee. Lucas would have the court calculate the underpayment by looking at what the employee would have received if he had been paid at his regular rate of pay for the first 40 hours of actual work and one and one-half times his regular rate of pay for each additional hour of actual work, with no payment for lunch periods. Under this approach Mr. Norman would be entitled to total pay of $771.88 for the week in question, this being the sum of $500 for 40 hours of actual work at $12.50 per hour plus $271.88 for fourteen and one-half hours of actual work at $18.75 per hour. Lucas would concede liability for the difference between the $771.88 so calculated and the $746.50 actually paid.
 This approach, under which the $31.25 paid to Mr. Norman for his lunch periods would be credited toward the employer's obligation for overtime compensation, is by no means illogical. Lucas agreed to pay for the lunch periods in the context of its own $2 per hour bonus system, after all, and not in the context of the FLSA time-and-a-half-for-overtime system. Unfortunately for Lucas, however, the regulations contain repeated prohibitions against the crediting of payments for hours not worked toward overtime compensation due under the Act.
 The first such prohibition is found in 29 C.F.R. Sec. 778.216, a regulatory provision dealing with Sec. 7(e)(2) of the FLSA, 29 U.S.C. Sec. 207(e)(2). Section 7(e)(2) of the statute says that the "regular rate" referred to in Sec. 7(a) is not deemed to include payments made for occasional periods when no work is performed due to vacation, holiday and the like, "and other similar payments to an employee which are not made as compensation for his hours of employment...." The regulation repeats the language of the statute, and then goes on to say this:
 "However, since such payments are not made as compensation for the employee's hours worked in any workweek, no part of such payments can be credited toward overtime compensation due under the Act." (Emphasis supplied.)
 It is clear that the words "such payments" were intended to include payments for meal periods between working hours, because 29 C.F.R. Sec. 778.320(b) says as much. Referring specifically to time spent in "eating meals between working hours," Sec. 778.320(b) says that "payments for such time will be regarded as qualifying for exclusion from the regular rate under the provisions of section 7(e)(2)...." The concluding sentence of Sec. 778.320(b) then confirms what 29 C.F.R. Sec. 778.216 has already said: "The payments for such hours cannot, of course, qualify as overtime premiums creditable toward overtime compensation...." (Emphasis supplied.)
 What this means for Mr. Norman is that although the lunch periods for which he was paid during the week ending June 23, 1989, are not to be counted as time worked, the pay he received for the lunch periods cannot be credited toward his overtime compensation. Mr. Norman should have been paid $771.88 for his actual work during that week, in other words, plus $31.25 for his lunch periods--a total of $803.13. This is somewhat less than the total contended for by the Secretary--$818.75--but rather more than the $771.88 contended for by Mr. Lucas.
 Lucas does not challenge the validity of the Secretary's regulations, and we see no basis for holding them invalid. Neither do we believe that this case is controlled by Agner v. United States, 8 Cl.Ct. 635 (1985), a decision on which Lucas relies heavily. The "duty free" lunch periods at issue in Agner were credited against uncompensated pre-shift and post-shift periods for which employees were required to be in attendance. Agner did not involve any direct crediting of lunch period pay toward overtime pay, which is what we are talking about here.
 The judgment of the district court is AFFIRMED except insofar as the third numbered paragraph thereof restrains Lucas from withholding payment of the dollar amounts set forth in the exhibit incorporated in the judgment. The third numbered paragraph of the judgment is VACATED, and the case is REMANDED for redetermination of the employer's overtime pay obligation in a manner not inconsistent with this opinion.
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 After this lawsuit was filed by the Secretary of Labor, Lucas stopped paying its employees for lunch periods. Employees who did not work much overtime would doubtless have preferred to be compensated under the method used by Lucas prior to suit. But if statutes such as the FLSA sometimes impose unintended costs on individuals and on society, it is not within the competence of the judicial branch to do anything about it