**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO,**

**Council of Federal Grain Inspection Locals, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 80–1969.

United States Court of Appeals, District of Columbia Circuit.

Argued May 8, 1981.

Decided May 29, 1981.

Kevin M. Grile, Washington, D. C., with whom James R. Rosa, Washington, D. C., was on the brief for petitioner.

William E. Persina, Atty., Federal Labor Relations Authority, Washington, D. C., with whom Elizabeth Medaglia, Associate Sol., Federal Labor Relations Authority, Washington, D. C., was on the brief for respondent.

Before ROBB and WALD, Circuit Judges and JAMESON *, United States Senior District Judge for the District of Montana.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

Petitioner labor union is the certified bargaining agent for all non-supervisory employees of the Federal Grain Inspection Service of the United States Department of Agriculture (FGIS). The union seeks review of a decision by the Federal Labor Relations Authority (FLRA) that the FGIS has no duty to bargain over a union proposal that "[a]ll work in excess of 40 hours per week performed on a Sunday shall be paid at twice the basic rate of pay."[1] We affirm.

The employees represented by petitioner are covered under Title VII of the Civil

Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, 92 Stat. 1191. The statute requires the FGIS to engage in collective bargaining, 5 U.S.C. §§ 7102, 7116, which is defined as "the performance of the mutual obligation of the representative of an agency and the exclusive representative of employees ... to consult and bargain in a good-faith effort to reach agreement with respect to the conditions of employment affecting such employees ...." 5 U.S.C. § 7103(a)(12). The statutory term "conditions of employment" is defined, in pertinent part, as follows:

personnel policies, practices, and matters, whether established by rule, regulation, or otherwise, affecting working conditions, *except that such term does not include policies, practices, and matters* —

.    .    .    .    .

(C) *to the extent such matters are specifically provided for by Federal statute* [.]

5 U.S.C. § 7103(a)(14) (emphasis supplied). The sole question in this case is whether the FLRA correctly determined that the FGIS has no duty to bargain over the union's proposal that all work in excess of 40 hours per week performed on Sunday be paid at twice the basic rate of pay, because it concerns a matter "specifically provided for by Federal statute." *Id.*

■ We have no doubt that the FLRA's decision was correct.[2] The Authority properly found that the issue of overtime pay for work in excess of 40 hours per week was "specifically provided for by Federal statute," *viz.*, 5 U.S.C. § 5542(a), which requires that such work "shall be paid for" at a statutorily specified rate: one and one-half times the employee's basic rate, or one and one-half times the minimum GS–10 rate, whichever is lower.[3] In the absence of any

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Decision on Negotiability Issue, Case No. 0–NG–126, 3 FLRA No. 85 (June 27, 1980), *in* Joint Appendix at 61.

2. This court's review of FLRA decisions is governed by 5 U.S.C. § 7123, discussed in *Nat'l*

*Federation of Federal Employees v. FLRA*, 652 F.2d 191, which we decide today.

3. Section 5542(a) provides, in part:

(1) For an employee whose basic pay is at a rate which does not exceed the minimum rate of basic pay for GS–10, the overtime hourly rate of pay *is an amount equal to* one and one-half times the hourly rate of basic pay of

statutory exemption which permits the negotiation of premium pay[4] for FGIS employees—and the union has showed us none—it is clear that the subject proposed by the union is governed by this provision. As stated in the House Report accompanying the bill which became the CSRA, "[r]ates of overtime pay are not bargainable, because they are specifically provided for by statute." H.R. Rep. No. 95–1403, 95th Cong., 2d Sess. 44 (1978).

■ Petitioner, however, alleges that the Fair Labor Standards Act (FLSA), as applied to federal employees,[5] conflicts with and supersedes the overtime pay provision of section 5542(a). Section 7(a)(1) of the FLSA states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at *a rate not less than one and one-half times the regular rate at which he is employed.*

29 U.S.C. § 207(a)(1) (emphasis supplied). We do not find this section of the FLSA to be inconsistent with—or to supersede—the overtime pay provision of section 5542(a), and petitioner has shown us no legislative history which might persuade us of an intention to supersede section 5542(a) not oth-

erwise apparent from a plain reading of section 207.[6]

We therefore hold that section 5542(a) specifically provides the overtime rate of compensation for petitioner's members, and that the FGIS therefore has no duty under 5 U.S.C. § 7103(a) (14) (C) to bargain with petitioner over the latter's overtime pay proposal. The decision of the FLRA is

*Affirmed.*

---

the employee, and all that amount is premium pay.

(2) For an employee whose basic pay is at a rate which exceeds the minimum rate of basic pay for GS–10, the overtime hourly rate of pay *is an amount equal to* one and one-half times the hourly rate of the minimum rate of basic pay for GS–10, and all that amount is premium pay. [Emphasis supplied]

4. *See, e. g.,* Bonneville Project Act Amendments, § 5 (amending § 10 of the Act), Pub.L. No. 79–201, 59 Stat. 547 (1945).

5. In 1974, Congress extended coverage of the Fair Labor Standards Act to federal employees.

*See* Pub.L. No. 93–259, 88 Stat. 58 (1974), *codified at* 29 U.S.C. § 203(e).

6. The court recognizes the possibility that inconsistencies may exist between §§ 207 and 5542 in certain cases, for example, in computing overtime pay for an employee whose basic pay exceeds the GS–10 rate. *Compare* 5 U.S.C. § 5542(a)(2) *with* 29 U.S.C. § 207(a)(1). We do not believe, however, that these minor inconsistencies evince a Congressional intent to make overtime pay negotiable, nor have the agencies whose responsibility it is to reconcile these provisions so found. *See* Amicus Curiae Brief of the Office of Personnel Management, *in* Joint Appendix at 45.