Edwin L. ALEXANDER, David E. Barksadale Donald L. Barley, III, Don P. Catron, Leo J. Fernan, Richard J. Greenier, Dave W. Hamilton, Calvin Roy Harrison, Harold Harter, John Himelrick, James A. Hipple, Charles Kothmann, Francisco Lomas, Robert J. Marren, Terrance R. McAda, Lewis G. Reynolds, Roy B. Sowell, Juan Villareal and Craig L. Weinbrenner, Plaintiffs–Appellants,

v.

The UNITED STATES, Defendant–Appellee.

No. 93–5156.

United States Court of Appeals, Federal Circuit.

Aug. 17, 1994.

**1572**

Gregory K. McGillivary, Mulholland & Hickey, Washington, DC, argued, for plaintiffs-appellants. With him on the brief was Thomas A. Woodley.

Anthony J. Ciccone, Attorney, Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued, for defendant-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief were Peter D. Gregory, Asst. Gen. Counsel, I.N.S., Washington, DC and Scott J. Goldsmith, Justice Management Div., Dept. of Justice, of Washington, DC, of counsel.

Before RICH, NEWMAN, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

Appellants, nineteen present and former border patrol agents employed with the Immigration and Naturalization Service (INS or agency), appeal from the April 30, 1993 judgment of the United States Court of Federal Claims,[1] granting the government's motion for summary judgment and dismissing their complaint. *Alexander v. United States,* 28 Fed.Cl. 475 (1993). In their action, appellants sought additional overtime compensa-

tion under the Act of March 2, 1931 (1931 Act), 8 U.S.C. §§ 1353a–1353b (1988), the Federal Employees Pay Act of 1945 (FEPA), 5 U.S.C. §§ 5541–5550a (1988 & Supp. V 1993), and the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–219 (1988 & Supp. V 1993). We affirm.

## BACKGROUND

### A. *Facts*

The pertinent facts are not in dispute. During the relevant period of time, in addition to their border patrol duties, appellants occasionally performed immigration inspection duties, including the inspection of vessels and crews. *Alexander,* 28 Fed.Cl. at 476. An inspection shift generally began with a call at their homes or at their border patrol stations from a ship's agent informing them that a particular vessel was pulling into port. *Id.* Most of the inspection duties were performed between 5:00 p.m. and 8:00 a.m., Monday through Friday, or on Sundays and holidays, and thus constituted overtime work. *Id.* In addition, because they were prohibited from performing border patrol duties during their inspection shifts, appellants could not report for their border patrol shifts until after the completion of their inspection shifts. *Id.* As a result, appellants were often required to reschedule their border patrol shifts, resulting in unusually long work days. *Id.*

To compensate appellants for their overtime work, INS first paid them under the 1931 Act for their inspection duties and under FEPA for their border patrol duties. *Id.* at 484. It then computed their overtime pay under the FLSA, at the statutory rate of one and one-half times their regular rate of pay for all hours worked (both border patrol and inspection duties) in excess of 85.5 hours per pay period. *Id.* If the combined amount initially paid under the 1931 Act and FEPA was less than the amount due under the

---

1. The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506, 4516, changed the name of the United States Claims Court to the "United States Court of

Federal Claims." Although the proceedings spanned the time of this name change, for consistency we refer to the court throughout as the Court of Federal Claims.

FLSA, INS paid appellants a supplemental amount for the difference. *Id.* If the combined amount was equal to or greater than the amount due under the FLSA, no additional payment was made. Thus, INS used 1931 overtime pay as an "offset" against its obligation to pay FLSA overtime pay. Put another way, INS offset its statutory obligation to pay overtime under the FLSA by deducting the amount it previously paid under the 1931 Act and FEPA from the amount of FLSA overtime pay that was due.

## B. *Proceedings in the Court of Federal Claims*

On May 4, 1988, appellants brought an action for additional overtime compensation in the United States District Court for the Eastern District of Louisiana. In due course, their action was transferred to the Court of Federal Claims, where they filed an amended complaint on April 12, 1990. In their amended complaint, appellants claimed that, under the overtime compensation approach used by INS, in each pay period where they had worked overtime as border patrol agents and performed inspection duties, they were deprived of either 1931 Act or FLSA overtime pay to which they were entitled. Appellants based their claim on the fact that the overtime pay they had received as immigration inspectors under the 1931 Act was used to offset INS' obligation to pay their FLSA overtime pay. Appellants contended that this approach was unlawful because the 1931 Act requires that overtime pay be treated as extra or additional and that the offset approach robbed it of that attribute.

On April 30, 1993, the court granted the government's motion for summary judgment and dismissed appellants' complaint. *Id.* at 488.[2] The court noted that "both parties agree that the issues before the court are essentially legal questions of statutory interpretation." *Id.* at 479. After reviewing the

statutory schemes, the court determined that appellants had received all the overtime compensation to which they were entitled. The court allowed the government to use 1931 Act pay to offset its statutory obligation to pay appellants' FLSA overtime pay. In so doing, the court rejected appellants' argument that they should be paid 1931 Act pay for their inspection duties and FLSA overtime pay computed solely for their border patrol duties. The court determined that such an approach would directly contravene the governing Office of Personnel Management (OPM) regulations which provide that a federal employee is entitled to the greater of either FLSA overtime pay or some other statutorily authorized overtime compensation, such as that available under the 1931 Act and FEPA. *Id.* at 487. The court also considered appellants' alternative argument that the government erred in computing their FLSA overtime pay. The court determined that 1931 Act pay constitutes premium pay, and not a lump sum paid for work performed during overtime hours without regard to the number of overtime hours worked. *Id.* at 483. Therefore, the court allowed the government to exclude appellants' 1931 Act pay from their FLSA regular rate when computing FLSA overtime pay entitlement.

## OPINION

### A. *Standard of Review*

"In reviewing the granting of summary judgment by a trial court, an appellate court determine[s] for itself whether the standards for summary judgment have been met and is not bound by the trial court's ruling that there was no material factual dispute present in the case." *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1390 (Fed.Cir. 1987). *See Dehne v. United States,* 970 F.2d 890, 892 (Fed.Cir.1992) ("This Court reviews the propriety of a summary judgment decision de novo.").

---

**2.** The Court of Federal Claims treated the government's motion to dismiss as one for summary judgment pursuant to Rule 12(b)(4) of the Rules

of the Court of Federal Claims (RCFC). *Id.* at 475 n. 1.

### B. *Statutory Background*

Because this case involves the interplay of three different overtime pay schemes, we begin with a brief description of each statute.

#### 1. *1931 Act*

The 1931 Act provides extra pay for INS employees who perform immigration inspection duties between 5:00 p.m. and 8:00 a.m. (evening hours), or on Sundays or holidays.[3] The 1931 Act is administered under section 2978 of the INS Administrative Manual (AM), which provides for evening hours overtime inspections as follows:

One-half day's pay for the initial time on duty of less than three (3) hours; *Provided*, that the time on duty is at least one (1) hour;

One (1) day's pay for time on duty of three (3) hours or more, but less than five (5) hours during the period;

One and one-half days' pay for time on duty of five (5) hours or more, but less than seven (7) hours during the period;

Two (2) day's pay for time on duty of seven (7) hours or more, but less than nine (9) hours during the period; or

Two and one-half days' pay for time on duty of nine (9) hours or more during the period.

AM 2978.09(9)(d)(3). INS pays for inspection work on Sundays and holidays at a rate of two days' pay for each such day worked, with a day consisting of at least one and not more than eight hours:

*Computation of Pay for Sunday and Holiday Duty* .... An immigration officer shall be entitled to two (2) days' pay, in addition to pay for the basic workweek, for time on duty of eight (8) hours or less on a Sunday or on a holiday.

AM 2978.11(9)(e).

#### 2. *FEPA*

FEPA, which covered appellants' border patrol overtime, provides that work exceeding the basic forty hour workweek shall be compensated at an hourly rate of one and one-half times the hourly rate of basic pay as follows:

[H]ours of work officially ordered or approved in excess of 40 hours in an administrative workweek, or ... in excess of 8 hours in a day, performed by an employee are overtime work and shall be paid for, except as otherwise provided ..., at the following rates:

(1) For an employee whose basic pay is at a rate which does not exceed the minimum rate of basic pay for GS–10, the overtime hourly rate of pay is an amount equal to one and one-half times the hourly rate of basic pay of the employee, and all that amount is premium pay.

(2) For an employee whose basic pay is at a rate which exceeds the minimum rate of basic pay for GS–10, the overtime hourly rate of pay is an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS–10, and all that amount is premium pay....

5 U.S.C. § 5542(a) (1988) (current version at 5 U.S.C. § 5542(a) (Supp. V 1993)). FEPA precludes federal employees from obtaining overtime premium pay under FEPA for which compensation has already been provided under 8 U.S.C. § 1353a (the 1931 Act):

This subchapter does not prevent payment for overtime services or for Sunday or

---

**3.** Specifically, 8 U.S.C. § 1353a provides:

The Attorney General shall fix a reasonable rate of extra compensation for overtime services of immigration officers and [INS] employees ... who may be required to remain on duty between ... five [p.m.] and eight [a.m.], or on Sundays or holidays, to perform duties in connection with the examination and landing of passengers and crews of steamships, trains, airplanes, or other vehicles, arriving ... from a foreign port ..., such rates to be fixed on a basis of one-half day's additional pay for each two hours or fraction thereof of at least one hour that the overtime extends beyond five [p.m.] (but not to exceed two and one-half days' pay for the full period from five [p.m.] to eight [a.m.] ) and two additional days' pay for Sunday and holiday duty....

holiday work under ... (2) sections 1353a and 1353b of title 8;

\* \* \* \* \* \*

However, an employee may not receive premium pay under this subchapter for the same services for which he is paid under one of these statutes.

5 U.S.C. § 5549 (1988).

### 3. *FLSA*

The FLSA provides that nonexempt federal employees (which includes appellants) are guaranteed a basic overtime entitlement of one and one-half times their regular rate:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (1988). The term "regular rate" includes all remuneration received by the employee for his employment except certain overtime pay, such as:

> (5) extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are ... in excess of eight in a day or in excess of the maximum workweek applicable to such employee under subsection (a) of this section or in excess of the employee's ... regular working hours, as the case may be;
>
> (6) extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days; or
>
> (7) extra compensation provided by a premium rate paid to the employee, in pur-

suance of an applicable employment contract or collective-bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday (not exceeding eight hours) or workweek (not exceeding the maximum workweek applicable to such employee under subsection (a) of the section), where such premium rate is not less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such workday or workweek.

29 U.S.C. § 207(e)(5)–(7) (1988). In short, extra compensation provided by a premium rate for work performed in excess of the typical workweek, or on Sundays or holidays, is not used in computing the regular rate for purposes of determining FLSA entitlement. The FLSA further provides that premium pay excluded from the regular rate under 29 U.S.C. § 207(e)(5)–(7) shall be creditable toward any overtime compensation due under the FLSA. *See* 29 U.S.C. § 207(h) (1988).[4]

### C. *Analysis*

At issue in this case is the approach used by INS to compute overtime pay relating to border patrol and inspection duties. The agency's approach is best understood through an example. Assume that, during a given pay period, an employee works 80 hours at a basic rate of $12.58 performing border patrol duties. During this pay period, he also works an additional 9 hours during the workweek performing inspection duties and an additional 32 administratively uncontrollable overtime (AUO) hours performing border patrol duties, for a total of 41 hours of overtime. INS first computes the pay due under the 1931 Act for inspection duties. The 1931 Act provides for 24 hours' pay at the employee's basic rate of $12.58, or $301.92 for 9 hours of actual overtime inspection work. *See* 8 U.S.C. § 1353a; AM 2978.-09(9)(d)(3). Second, INS computes the pay due under FEPA for border patrol duties. Instead of receiving overtime pay under 5

---

**4.** In this context, the term "creditable" means that the government can deduct premium pay

excluded from the regular rate under 29 U.S.C. § 207(e)(5)–(7) from the FLSA overtime pay.

U.S.C. § 5542(a), the employee receives a percentage of his annual basic pay for his AUO hours spent performing border patrol duties. *See* 5 U.S.C. § 5545(c)(2) (1988) (current version at 5 U.S.C. § 5545(c)(2) (Supp. V 1993)). Therefore, the employee receives a total of $301.92 under the 1931 Act and FEPA for overtime work in the given pay period.

INS then computes the employee's FLSA overtime pay at the statutory rate of one and one-half times his regular rate of pay for all hours worked (both border patrol and inspection duties) in excess of 85.5 hours per pay period.[5] Because the employee worked a total of 121 hours, he worked 35.5 hours in excess of the 85.5 hours per pay period. The employee is entitled to $280.86 for 35.5 hours of overtime work under the FLSA.[6] Because the combined amount initially paid under the 1931 Act and FEPA is greater than the amount due under the FLSA, INS does not pay the employee any additional compensation. INS views the FLSA as establishing a minimum amount of overtime compensation that must be paid. Therefore, the employee receives a total of $301.92 in overtime compensation for the given pay period.

Appellants challenge INS' approach on the ground that the statutory language of the 1931 Act expressly provides that employees who perform inspection duties between 5:00 p.m. and 8:00 a.m., or on Sundays or holidays will receive "extra compensation" and "additional pay." They also challenge INS' approach on the ground that the purpose of the 1931 Act is to provide employees with "extra pay" to compensate them for the inconvenience of performing immigration inspections in the evenings, or on Sundays and holidays. Appellants contend that INS' approach deprives them of this "extra compensation" or "additional pay," because INS uses 1931 Act pay to offset its statutory obligation to pay FLSA overtime pay.

More specifically, appellants contend that they should be paid 1931 Act pay for their inspection duties and FLSA overtime pay computed solely for their border patrol duties. Under appellants' approach, the employee in the example above would receive $437.34 in overtime compensation for the given pay period instead of the $301.92 which results from the agency's approach. The $437.34 figure is computed in the following manner: Appellants start with the $280.86 for 35.5 hours of overtime work under the FLSA. Appellants then point out that of those 35.5 hours, 9 hours represent hours that the employee worked performing inspection duties and 26.5 hours represent AUO hours for border patrol duties. Next, appellants compute separately FLSA overtime pay solely for the employee's border patrol duties, resulting in the sum of $135.42 for the 26.5 AUO hours. Finally, appellants add the FLSA overtime pay of $135.42 which they have computed to the $301.92 to which the employee is entitled under the 1931 Act for his 9 hours of inspection work overtime, yielding a total overtime pay figure of $437.34. Under this computation approach, appellants argue, the employee truly receives 1931 Act pay as "extra pay" as required by the statute because the 1931 Act pay is not being used to offset the agency's FLSA overtime pay obligation, as it is under the approach used by INS.

██ The government urges us to reject appellants' approach as not required by statute and as contrary to OPM regulations. In the government's view, the FLSA merely establishes an overtime pay "floor," requiring that an employee be paid at the rate of one and one-half times his or her regular rate of pay for all hours of overtime worked during a given pay period. The FLSA, the government contends, contains no entitlement to compensation in excess of one and one-half

---

5. Border patrol duties are considered to be law enforcement duties subject to 29 U.S.C. § 207(k) (1988). Consequently, border patrol agents are entitled to FLSA overtime pay when they work in excess of 85.5 hours in a two week period. *See* 5 C.F.R. § 551.541 (1988).

6. We have omitted the preliminary steps in the FLSA calculation because they are complex and unnecessary for purposes of our analysis. The Court of Federal Claims, however, has explained the FLSA calculation in greater detail. *See Alexander*, 28 Fed.Cl. at 484–87.

times the regular rate of pay. We agree. The 1931 Act mandates extra compensation for overtime inspection work in addition to an employee's basic pay. However, the 1931 Act does not, as appellants argue, mandate extra compensation over and above an employee's FLSA overtime pay during those pay periods in which the employee works overtime as a border patrol agent and performs inspection duties.

■ The crux of the issue is whether, for purposes of the FLSA, 1931 Act pay constitutes "extra compensation provided by a premium rate" under the FLSA. *See* 29 U.S.C. § 207(e)(5)–(7). If it does, INS may use 1931 Act pay to offset its statutory obligation to pay FLSA overtime pay. This is because extra compensation paid as described in 29 U.S.C. § 207(e)(5)–(7) "shall be creditable toward overtime compensation payable pursuant to [29 U.S.C. § 207(a)(1)]." 29 U.S.C. § 207(h). We hold that 1931 Act pay does constitute "extra compensation provided by a premium rate" and that therefore INS' method of computing overtime pay for inspection work and border patrol duties is proper.

As already seen above, under 29 U.S.C. § 207(e)(5), an employee's "regular rate" (deemed to include "all remuneration for employment paid to, or on behalf of the employee") does not include "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee...." At the same time, under 29 U.S.C. § 207(e)(6), an employee's "regular rate" does not include "extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one

and one-half times the rate established in good faith for like work performed in non-overtime hours on other days ..." 1931 Act pay for evening hours is provided by a premium rate that is dependent upon the number of hours worked. *See* 8 U.S.C. § 1353a; AM 2978.09(9)(d)(3). It thus meets the requirements of 29 U.S.C. § 207(e)(5). As for 1931 Act pay for Sundays or holidays, the INS, by requiring an immigration officer working on Sundays or holidays to complete a full eight-hour shift, has effectively converted such premium overtime pay into a double-time rate.[7] INS' 1931 Act pay scheme for Sundays and holidays meets the requirements of both 29 U.S.C. § 207(e)(5) and (e)(6). Thus, 1931 Act pay constitutes "extra compensation provided by a premium rate" and falls within the statutory exceptions under 29 U.S.C. § 207(e)(5) and (6). As a result, 1931 Act pay is creditable toward any overtime compensation due under the FLSA. *See* 29 U.S.C. § 207(h).

Moreover, appellants' approach directly contravenes the relevant OPM regulation, 5 C.F.R. § 551.513 (1988), which provides that a federal employee is entitled only to the greater of either FLSA overtime or some other statutorily authorized overtime compensation:

> An employee entitled to overtime pay under this subpart [implementing the FLSA in the federal sector] and overtime pay under § 550.113 of this chapter [implementing FEPA], or under any other authority, shall be paid under whichever authority provides the greater overtime entitlement in the workweek. This overtime pay shall be paid in addition to all pay, other than overtime pay, to which the employee is entitled under title 5, United States Code, or any other authority.

This regulation derives from Federal Personnel Manual Letter 551–1 (FPM Letter 551–

---

7. AM section 2818.04 states:
   Where Sunday or holiday duty is to be performed ... immigration officers shall be assigned to perform for eight hours on such days, and to the maximum extent possible, they shall perform duties in connection with inspec-

tion of arrivals. Inspection duties in connection with departure control, etc., or office duties may be assigned to such immigration officers during otherwise idle time in order to provide for a full day's work of eight hours.

1), issued by OPM's predecessor, the Civil Service Commission, on January 15, 1975, pursuant to 29 U.S.C. § 204(f) (1976) (current version at 29 U.S.C. § 204(f) (1988)) and 5 U.S.C. § 5548 (1976) (current version at 5 U.S.C. § 5548 (1988)).[8] Because payment under the 1931 Act and FEPA constitutes statutorily authorized overtime pay, appellants are entitled only to the greater of (i) 1931 Act pay plus FEPA pay or (ii) FLSA overtime pay based on a rate of one and one-half times the regular rate of pay, taking into account all overtime hours in excess of 85.5 hours per pay period. They are not entitled to some amount of FLSA overtime pay in addition to that already provided under the 1931 Act and FEPA. Such is the effect of appellants' approach, however, because their approach converts the FLSA overtime pay "floor" into a supplemental enhancement not authorized by law. The FLSA establishes a minimum amount of overtime pay due an employee for services in excess of the specified maximum work period. *See Zumerling v. Devine,* 769 F.2d 745, 752 (Fed.Cir.1985) (FLSA "only mandates ... in total one and one-half times his regular rate for each overtime hour, it does not indicate that he must receive this amount in addition to the overtime compensation he already receives"). We hold that INS properly used 1931 Act pay to offset its statutory obligation to pay appellants' FLSA overtime pay.

■ Alternatively, appellants contend that, even assuming the overtime compensation approach used by INS was valid, INS erred in excluding 1931 Act pay from their "regular rate" of pay for purposes of computing their FLSA overtime pay. Appellants' argument turns on the proposition that 1931 Act pay constitutes a lump sum and thus must be included in their "regular rate" of pay.

As did the Court of Federal Claims, we reject this argument. As just seen, the term "regular rate" appearing in the FLSA includes all remuneration received by the employee for his employment, except certain overtime pay, such as extra compensation provided by a premium rate for work performed in excess of the typical workweek, or on Sundays or holidays. 29 U.S.C. § 207(e)(5)–(7). Accordingly, we concluded above that 1931 Act pay constitutes premium pay and falls within the statutory exceptions under 29 U.S.C. § 207(e)(5) and (6). This interpretation is consistent with the Department of Labor (DOL) FLSA regulations cited by appellants.[9] For example, 29 C.F.R. § 778.308(a) (1993) states that "[t]o qualify as an overtime premium under section 7(e)(5), (6), or (7), the extra compensation for overtime hours must be paid pursuant to a premium rate which is likewise a rate per hour...." In addition, 29 C.F.R. § 778.310 (1993) (another DOL FLSA regulation) explains that:

> A premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis.

It is clear that 1931 Act pay is not a lump sum paid without regard to the number of overtime hours worked. Therefore, INS properly excluded 1931 Act pay from appellants' regular rate of pay for purposes of computing their FLSA overtime pay.

## CONCLUSION

Because the Court of Federal Claims correctly interpreted the relevant statutes and determined that appellants had received all the overtime pay to which they were entitled, we affirm.

---

**8.** As in effect in 1975, 29 U.S.C. § 204(f) provided that the Civil Service Commission was authorized to administer the provisions of the FLSA with respect to any individual employed by the United States (with certain exceptions). 5 U.S.C. § 5548, as in effect in 1975, provided that the Civil Service Commission could prescribe regulations necessary for the administration of FEPA.

**9.** Although the parties disputed whether the DOL regulations are controlling in the federal sector, the Court of Federal Claims deemed that issue immaterial "[b]ecause ... the government's administration of the FLSA in this case is consistent with the DOL regulations." *Alexander,* 28 Fed.Cl. at 480 n. 10.

COSTS

Each party shall bear its own costs.

AFFIRMED.