**Gary L. AARON, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 00–315C.

United States Court of Federal Claims.

April 2, 2003.

---

Alan Banov and Norberto Salinas, Washington, D.C., for plaintiffs.

Domenique Kirchner, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant.

## OPINION

BRUGGINK, Judge.

Plaintiff, Kathleen White, is one of two hundred eighty present and former non-bargaining unit employees of the United States Bureau of Prisons and Federal Prison Industries, Inc. who brought this case to recover overtime back pay.[1] Defendant seeks to dismiss Ms. White's claim on the grounds that it is barred by the limitations period of the Fair Labor Standards Act, 29 U.S.C. § 201 (1998) ("FLSA"), and because she is not entitled to pay under the Federal Employees Pay Act of 1945, as amended, 5 U.S.C. § 5542, 5544 (1996) ("FEPA").

## FACTS[2]

Kathleen A. White was the secretary to an associate warden in FCI Otisville, N.Y. for the period from July 1993 to April 12, 1997.

From some point in July 1993 to April 15, 1995, Ms. White was paid at grade GS–6. From the period April 16, 1995 to April 12, 1997, Ms. White was paid at grade GS–7. She claims an average of 20 minutes per day overtime during these periods. The complaint was filed May 25, 2000 seeking overtime pay pursuant to FEPA as well as under the FLSA. Defendant filed its motion to dismiss Ms. White on January 9, 2003. The matter is fully briefed. Oral argument is deemed unnecessary.

## DISCUSSION

Both FLSA and FEPA provide frameworks for calculating overtime for federal employees. 29 U.S.C. § 201; 5 U.S.C. § 5542(a). They have different limitations periods, however. Where there is a violation of FLSA which is not willful, the limitations period is two years. *Doyle v. United States,* 931 F.2d 1546, 1549 (Fed.Cir.1991) (citing 29 U.S.C. § 255(a)(1998)). The limitations period is extended to three years where the violation is willful. *Id.* Regardless of whether the violation alleged here is willful or not, Ms. White filed her claim beyond the limitations period for FLSA. The limitations period for claims brought under FEPA is six years. 28 U.S.C. § 2501 (1994).

With respect to pay under FEPA, defendant contends that recovery is unavailable, not because of a limitations problem, but because 5 U.S.C. § 5542(c) bars recovery for any individual who is covered by FLSA, irrespective of whether the claim is currently stale, as this one is.

Plaintiff responds that the two statutes are meant to be read together to provide complimentary forms of compensation for federal employees. Therefore, plaintiff argues that the longer limitations period—FEPA's six years—should be applied to all Ms. White's claims, even if they are only valid under the FLSA. In order to understand any potential

---

1. In our previous opinion, we dismissed the claims of plaintiffs who had been employed by the statutorily-created government corporation, Federal Prison Industries, Inc. *Aaron v. United States,* 52 Fed.Cl. 20 (2002) (*vacating and amending Aaron v. United States,* 51 Fed.Cl. 690 (2002)).

2. The facts are drawn from the complaint. They are assumed to be correct for purposes of this motion. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977).

overlap of these two statutes, a brief statutory history is necessary.

Prior to 1974, federal employees' compensation for overtime was governed by FEPA alone. *United States Dep't of Air Force v. Fed. Labor Relations Auth.*, 952 F.2d 446, 446 n. 1 (D.C.Cir.1991). FLSA became applicable to federal employees through the Fair Labor Standards Amendments of 1974, Pub.L. No. 93–259, § 6(a), 88 Stat. 55. The Civil Service Commission, now the Office of Personnel Management ("OPM"), was given the ability to administer regulations for FLSA as it applied to federal employees. 29 U.S.C. § 204(f); *Riggs v. United States*, 21 Cl.Ct. 664 (1990). Additionally, OPM had broad discretion to engage in substantive or legislative rulemaking with respect to the interplay between FLSA and FEPA. *See Am. Fed'n of Gov't Employees v. OPM*, 821 F.2d 761 (D.C.Cir.1987).

Within its discretion, OPM was to administer FLSA for federal employees in order to "assure consistency with the meaning, scope, and application established by the rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy." *Riggs*, 21 Cl.Ct. at 668 (citing H.R. REP. No. 93–913 (1974), *reprinted in* 1974 U.S.C.C.A.N. 2811, 2837). However, at no time were these statutes treated as interchangeable. In fact, even with OPM's rulemaking intended to ensure equity between the statutes, parties claiming recovery under both FLSA and FEPA often litigated over which statute applied and to what extent. *See Alexander v. United States*, 32 F.3d 1571 (Fed.Cir.1994); *O'Connell v. Hove*, 22 F.3d 463 (2d Cir.1994); *Agner v. United States*, 8 Cl.Ct. 635 (1985).

In 1990, Congress amended FEPA through the Federal Employees Pay Comparability Act of 1990, Pub.L. No. 101–509, § 210, 104 Stat. 1389 ("FEPCA"). Among other changes, FEPA was amended to add subsection (c) to 5 U.S.C. § 5542:

> (c) Subsection (a) [FEPA overtime pay] shall not apply to an employee who is subject to the overtime pay provisions of section 7 of the Fair labor[3] Standards Act

of 1938. In the case of an employee who would, were it not for the preceding sentence, be subject to this section, hours of work in excess of 8 hours in a day shall be deemed to be overtime hours for the purposes of such section 7 and hours in a paid non-work status shall be deemed to be hours of work.

FEPCA also amended similar language in 5 U.S.C. § 5543(a)(1), which provides for compensatory time-off, and 5 U.S.C. § 5544, which provides extra compensation for work on Sunday. The net effect and apparent purpose was to preclude employees from bringing overtime claims under both FEPA and FLSA for the same overtime claim.

OPM later suggested to Congress that it make some additional technical amendments to FEPA and other federal pay statutes. 138 CONG. REC. 5777, 5781 (March 17, 1992) (statement of Rep. Ackerman). The result, in 1992, was the Technical and Miscellaneous Civil Service Amendments Act of 1992, Pub.L. No. 102–378, § 2(41)(B), 106 Stat. 1346, which, among other changes, gave § 5542(c) its current language (changes italicized):

> (c) Subsection (a) shall not apply to an employee who is subject to the overtime pay provisions of section 7 of the Fair labor Standards Act of 1938. *In the case of an employee who would, were it not for the preceding sentence, be subject to this section, the Office of Personnel Management shall by regulation prescribe what hours shall be deemed to be hours of work and what hours of work shall be deemed to be overtime hours for the purpose of such section 7 so as to ensure that no employee receives less pay by reason of the preceding sentence.*

The net change was to delete the specific reference to "hours of work in excess of 8 hours in a day" in favor of giving OPM more general discretion to ensure that federal employees would not receive less under the FLSA computation of overtime than they otherwise would receive under FEPA's framework. *See* 5 U.S.C. § 5542(c).

---

**3.** The original language leaves the word "labor" uncapitalized.

This court has not addressed previously the inter-relation of FLSA and FEPA with respect to their limitation periods in light of the 1990 and 1992 amendments.[4] Specifically, we must determine whether § 5542(c) bars recovery for an employee who is not exempt from FLSA, but for whom the FLSA limitation period has run.

Statutory construction first requires a determination of "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002) (citing *Robinson v. Shell Oil,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)). Thus, "absent a very clear legislative intent, the plain meaning will prevail." *Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1559 (Fed.Cir.1988) (citing *Aaron v. Sec. Exchange Comm'n,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980)); *See generally* NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION (6th Ed.2000).

Subsection (a) of § 5542 provides FEPA overtime pay to a federal employee for "work officially ordered or approved in excess of 40 hours in an administrative workweek" or "in excess of 8 hours in a day" at rates provided by that section. Subsection (a), however, "shall not apply to an employee who is subject to the overtime pay provisions of section 7" of FLSA. 5 U.S.C. § 5542(c). Section 5542(c) thus means that an employee who is subject to FLSA cannot recover under FEPA.[5] The employee is protected by the final sentence, however, in that OPM is directed to ensure that the employee receives no less than she would have if FEPA had been available.

When interpreting a statute, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Conn. Nat. Bank v. Germain,* 503 U.S. 249, 253–254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (quoting *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981)) (internal citations omitted). The plain meaning here is that, for the period of time in which overtime is worked, if the employee is entitled to FLSA overtime, the employee is not entitled to FEPA overtime. During the period for which plaintiff seeks overtime pay here, there is no question that she was entitled to have her pay calculated under the FLSA.

This is supported by the scant legislative history. The parties agree that FEPCA was enacted in order to eliminate the "need to calculate and compare an FLSA nonexempt employee's overtime pay entitlement under two laws in order to pay the greater overtime benefit." Def. Mt. at 1, n. 2; Pl. Mt. at 2.[6] The purpose for including 5 U.S.C. § 5542(c) in FEPA was explained by the Senate Report as a "substantive amendment [which] would eliminate the current duplicative overtime computations for General Schedule and prevailing rate employees covered by both sub-chapter V and the Fair Labor Standards Act." S. REP. No. 101–457, at 41 (1990). Thus, what little legislative history is available points to Congress' desire to remove the

---

4. The court in *Alexander v. United States,* 28 Fed.Cl. 475, 476 n. 2 (1993), explicitly declined to address defendant's argument with respect to the limitations period, because it found plaintiff's claims failed on the merits.

5. Plaintiff urges that FLSA (insofar as it applies to federal employees) was not intended to substitute for FEPA. While plaintiff is correct, its assertion is immaterial to this matter. It was not the application of FLSA to federal employees generally which precludes Ms. White's claim. Instead, it is the more specific provisions of FEPCA, § 210, which disallow FEPA overtime pay for federal employees who are not exempt from FLSA.

6. Representative Ackerman, when introducing FEPCA, outlined the broad purpose of the law. He stated that FEPCA "is designed to make the Federal Government a competitive employer again." 136 CONG. REC. 1725 (1990) (statement of Rep. Ackerman). The Congressman goes on to explain that FEPCA would accomplish this goal, in large part, through annual pay adjustments, increases for several broad underpaid job categories, and establishment of a Federal Salary Council. This statement speaks to the broad purpose of the law and sheds little light on the specific purpose for including § 210. Furthermore, it does not contradict the reading of 5 U.S.C. § 5542(c) we find appropriate here.

necessity to compute federal employee overtime benefits under two separate statutes, not fuse them together.

Furthermore, OPM reads the two statutes in the manner we now do. When discussing FEPCA's change to 5 U.S.C. § 5542(c), OPM stated that

Section 210 of the Federal Employees Pay Comparability Act of 1990 (FEPCA) eliminates the need to calculate and compare an FLSA nonexempt employee's overtime pay entitlement under two laws in order to pay the greater overtime benefit. Instead, employees who are nonexempt under the FLSA of 1938, as amended, always receive overtime pay under FLSA as provided in part 551 of title 5, Code of Federal Regulations.

57 Fed.Reg. 59,277 (Dec. 15, 1992). Under OPM's reading of the statute, Ms. White would receive only that overtime compensation to which she is entitled under FLSA.

Plaintiff appears to be arguing that the changes to § 5542(c) are irrelevant because she is no longer, due to the passage of time, entitled to FLSA overtime. In other words, during the time that her FLSA overtime claim remained viable (up until, at the latest, April 11, 2000), her FEPA claim was barred by operation of § 5542(c). Because her FLSA claim is now barred by the limitations period, the prohibition of § 5542(c) is removed. We do not believe the clear wording of the statute can be so easily avoided. Neither the statute itself, nor the legislative history, suggest that we should read in an exception when the FLSA claim is barred due to the running of the limitations period.

In the alternative, plaintiff points the court to the following OPM regulation, alleging that it supports the availability of alternative FEPA coverage:

Overtime pay under [FLSA and pertinent regulations] shall be paid in addition to all pay, other than overtime pay, to which the employee is entitled under title 5, United States Code, or any other authority. An employee entitled to overtime pay under

this subpart and overtime pay under any authority outside of title 5, United States Code, shall be paid under whichever authority provides the greater overtime pay entitlement in the workweek.

5 C.F.R. § 551.513 (2002). Plaintiff urges that this regulation supports a reading of the FEPCA and FEPA which allows the application of FEPA's limitations period in this case to the underlying FLSA claim. We disagree.

First, the language of this regulation does not support plaintiff's interpretation. Its plain language provides that FLSA overtime pay may be recovered by a plaintiff in addition to recovery under FEPA only when the FEPA recovery is of something *other than overtime*, or for claims under any authority *outside of title 5*. Neither circumstance applies here.[7]

Because Ms. White cannot recover under FEPA, the statute of limitations provided by FEPA cannot be applied to Ms. White's claim under the FLSA.

### CONCLUSION

Defendant's motion to dismiss Kathleen White for lack of jurisdiction is granted with prejudice. There being no just cause for delay, the clerk is directed to enter judgment pursuant to RCFC 54(b) accordingly. No costs.

---

**7.** Plaintiff cites *Agner v. United States*, 8 Cl.Ct. 635 (1985) and *Am. Fed'n of Govt. Employees AFL–CIO v. Fed. Labor Relations Auth.*, 653 F.2d 669 (D.C.Cir.1981) to support this argument.

However, both cases were decided prior to the enactment of FEPCA and so do not bear upon this point.