Leonard BROWN, et al., Plaintiffs,

v.

HOWARD INDUSTRIES, INC., Defendant.

No. 2:99–CV–301PG.

United States District Court, S.D. Mississippi, Hattiesburg Division.

Oct. 25, 2000.

Paul A. Koerber, Paul A. Koerber, Attorney, Roger K. Doolittle, Doolittle and Doolittle, Jackson, MS, for Leonard Brown, Michael Gavin, Dewayne Daniels, Joe Porter, Rufus McGill, Jessie Shivers, Preston McLaurin, Individually and on Behalf of All Others Similarly Situated, plaintiffs.

Michael Farrell, Rick A. Hammond, the Kullman Firm, Jackson, MS, for Howard Industries, Inc., Including All Wholly and Partially Owned Subsidiaries of Howard Industries, Inc., defendants.

### MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

Before the Court is Defendant's Motion to Dismiss. Having considered this motion, the response, the briefs of counsel, the cited authorities and applicable law, this Court finds as follows:

*BACKGROUND*

This cause of action arises from Defendant's alleged violation of the Fair Labor Standards Act. Plaintiffs assert that they were not compensated for their thirty minute lunch breaks despite the fact that they were required to remain on their employer's premises. As this matter involves federal labor law, this Court has jurisdiction. 28 U.S.C. § 1331. Defendant filed a motion to dismiss asserting that Plaintiffs have not stated a claim upon which relief may be granted.

Defendant's motion, couched in terms of Fed.R.Civ.P. 12(c), simply asserts that Plaintiffs' complaint fails to state a claim. Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the Court may not generally go beyond the pleadings but should "...only test whether the claim has been adequately stated in the complaint." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 at 298 (1990).

"A motion brought pursuant to Fed. R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir.1990) (citing 5A Wright and Miller, Federal Practice and Procedure § 1367 at 509–10 (1990)). The allegations of the complaint must be accepted as true, and viewed in the light most favorable to Plaintiffs, when the Court considers whether Plaintiffs have stated a cause of action. *See Cramer v. Skinner*, 931 F.2d 1020 (5th Cir.), *cert. denied*, 502 U.S. 907, 112 S.Ct. 298, 116 L.Ed.2d 242 (1991); and *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996).

Essentially, Plaintiffs' complaint states that production employees were required to remain on their employer's premises during their lunch breaks. Plaintiffs contend that, by remaining on their employer's premises, their lunch breaks were primarily for their employer's benefit, and the failure to pay compensation for the time they were on their lunch breaks violates federal labor laws. It is undisputed that the employees were not paid for their thirty minute lunch breaks. It is likewise undisputed that they were required to remain on their employer's premises during those breaks. Plaintiffs, without providing specific allegations, assert that this policy was "for the Defendant's substantial and predominant benefit." Plaintiffs, while pleading that the lunch time policy is for the Defendant's primary benefit, only assert that they were not permitted to leave

the premises. Notably absent are any allegations that the employees performed or were requested to perform any employment duties or responsibilities during these thirty minute lunch breaks. No restrictions were placed upon Plaintiffs during these breaks except that they could not leave the plant. The pleadings and arguments reflect that the only purpose of the lunch breaks was to afford employees an opportunity to eat lunch. Although Plaintiffs argue that requiring them to remain on the plant premises was for the primary benefit of the employer, Plaintiffs' only contention is that their lunch breaks were compensable because they were not permitted to leave the plant.

## COMPENSABILITY OF THE LUNCH BREAKS

The Court has carefully considered the briefs of the parties and the cases cited and concluded that Plaintiffs' argument is without merit. A number of years ago the Department of Labor adopted regulations pertaining to lunch breaks:

(a) *Bona fide meal periods.* Bona fide meal periods are not working time.... The employee must be completely relieved from duty for the purposes of eating regular meals.... (b) *Where no permission to leave premises.* It is not necessary. that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period.

29 C.F.R. § 785.19.

The Fifth Circuit considered this regulation in *Hartsell v. Dr. Pepper Bottling Co. of Texas,* 207 F.3d 269, 274 (5th Cir.2000), holding that "Bona fide meal periods are not work time." 29 C.F.R. § 785.19. For the period to be classified as a meal time, an employee 'must be completely relieved from duty for the purposes of eating regular meals *Id.*' Plaintiffs have made no allegation that they were not "completely freed from duties during the meal period." In order to state a cause of action, Plaintiffs must allege that some duty was imposed on them during the meal period, even if this duty was passive. Simply

requiring employees to stay on the plant premises is insufficient to state a cause of action. Plaintiffs had ample opportunity after this motion was filed to request permission to amend their complaint to plead that a duty was imposed. Plaintiffs have not made such a request. Neither have they made any such argument in their briefs. They simply contend that because Plaintiffs were restricted to the plant premises they are entitled to compensation. That is not the law.

Plaintiffs argue that *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259 (5th Cir. 1998), supports their position. The facts in *Bernard,* however, were considerably different than the facts alleged by Plaintiffs. The Court in setting out the facts of that case stated

The plaintiffs testified that they were not relieved of their responsibilities as maintenance workers during these brief breaks. They testified that they were interrupted frequently by supervisors who often asked them to repair equipment .... and supervisors often used the meal break as a time to meet with their maintenance crews to discuss the afternoon work schedule.

*Id.* at 262–63. There are no allegations in this case that these Plaintiffs were "not relieved of their responsibilities" during their lunch break, that they were "interrupted frequently by supervisors who often asked them to repair equipment," or that their supervisors "used the meal break as a time to meet" with Plaintiffs to discuss their work.

Numerous courts have held that the mere fact that Plaintiffs are restricted to their employer's premises during a lunch period does not make that period compensable. *See, e.g., Avery v. City of Talladega,* 24 F.3d 1337 (11th Cir.1994), *Agner v. United States,* 8 Cl. Ct. 635 (Ct.Cl.1985), and *Bridges v. Amoco Polymers Inc.,* 19 F.Supp.2d 1375 (S.D.Ga.1997). The Court, however, has not found a single case in which a court held a lunch break compensable simply because employees were re-

quired to stay on their employer's premises during that break.

Defendants strenuously argue that *Bernard, supra,* stands for the proposition that the Defendants bear the "burden to show that meal time qualifies for this exception from compensation...." 154 F.3d at 265. Where Plaintiffs miss the mark is that this duty is imposed upon an employer only after a plaintiff has stated a cause of action. Here, Plaintiffs have not stated a cause of action. Therefore, they have imposed no duty on the employer.

Defendants likewise argue that this is a matter for the fact finder, again relying upon *Bernard.* The Court has already pointed out the factual differences between this case and *Bernard.* The argument that there is a genuine issue of material fact is not implicated until after Plaintiffs allege a cause of action. This they have not done.

While it is true the Fifth Circuit adopted the "predominant benefit test" in *Bernard supra,* and *Hartsell, supra,* that test is not applicable in this case because there have been no allegations that any duties whatsoever were imposed upon Plaintiffs during their lunch break. Plaintiffs must allege that some duty imposed upon Plaintiffs during the lunch break benefitted Defendant, not merely that the fact that Plaintiffs were required to remain on the premises during the lunch break benefitted Defendant. Stated differently, in order to state a cause of action, Plaintiffs must allege that some duty was imposed upon them during the lunch break, even if such duty was passive. Plaintiffs have not done that.

The Plaintiffs allege general statements of law and attempt to match them with conclusory statements from the complaint, disregarding the specific and discreet facts of the case cited as well as ignoring the facts of the case sub judice. That simply won't work. One must allege facts that if proven will impose liability in order to state a cause of action. Since Plaintiffs failed to state a cause of action, Defendants are entitled to have the complaint dismissed.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Plaintiffs' Complaint is GRANTED. Accordingly, all pending motions are dismissed as moot. A separate judgment will be entered in this cause in accordance with Rule 58 of the Federal Rules of Civil Procedure.